```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRUSTEES OF THE NORTHEAST
CARPENTERS HEALTH, PENSION,
ANNUITY, APPRENTICESHIP, and LABOR        MEMORANDUM OF
MANAGEMENT COOPERATION FUNDS,             DECISION & ORDER
                                          2:17-cv-05968 (ADS)(SIL)
                    Petitioners,

          -against-

ARCHITECTURAL BUILDING & DESIGN
INC.,

                    Respondent.
----------------------------------------------------------X
```

**APPEARANCES:**

**Virginia & Ambinder LLP**
*Attorneys for the Petitioners*
40 Broad Street, 7th Floor
New York, NY 10004
    By:    Charles R. Virginia, Esq.
             Nicole Marimon, Esq., Of Counsel

**NO APPEARANCES:**

*The Respondent*

**SPATT, District Judge**:

        The Petitioners—the Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship and Labor Management Cooperation Funds (the "Trustees" of the "Funds", or the "Petitioners")—commenced this action against the Respondent—Architectural Building & Design Inc. ("AB&D" or the "Respondent")—alleging violations of Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3) and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C.

§ 185. The Petitioners seek confirmation of an arbitration award issued against the Respondent, referred to herein as the "Arbitration Award." As AB&D has failed to appear, the motion is unopposed. For the following reasons, the Court grants the motion to confirm the arbitration award.

## I. BACKGROUND

### A. The Factual Background

Unless otherwise noted, the following undisputed facts are derived from the petition.

On June 8, 2012, the Respondent entered into a collective bargaining agreement with the United Brotherhood of Carpenters and Joiners of America (the "Agreement"). Under the Agreement, the Respondent agreed to make certain contributions to the Funds on behalf of the Respondent's employees in the locality in which the work was performed. *See* DE 1 ("Payment of annuity, pension and/or health and welfare contributions for an employee's work in each locality shall be made to such funds and in such amounts as are identified in the applicable collective bargaining agreement for that locality.").

The relevant collective bargaining agreement is the Southeast Region Agreement ("SRA"), which covers Westchester, Rockland, Putnam, Orange, Dutchess, Sullivan, Ulster, and Columbia counties. The two SRAs at issue cover 2011-2016 and 2016-2019 respectively and require the Respondent to make contributions to the Funds for all work within the trade and geographical area. The Parties established a Joint Policy for the Collection of Delinquent Contributions (the "Collection Policy"). The Collection Policy requires an employer to submit to a payroll audit upon request by the Funds and sets the interest on delinquent contributions at the rate of 0.75% per month. Liquidated damages are set at 20% of the delinquent contributions and are calculated from

the due date. In the event that an employer fails to remit contributions to the Funds, the Collection Policy stipulates that the matter be sent to arbitration before an arbitrator designated by the Funds.

The Petitioners conducted an audit of the Respondent for the period of January 1, 2014 through December 31, 2016, pursuant to the Collection Policy, to examine whether the Respondent was in compliance with its obligations under the Agreement. The audit revealed that the Respondent failed to remit contributions in the amount of $9,211.01 during that period. A dispute as to this payment arose, and it was submitted to arbitration.

An arbitration was held, upon due notice to the parties, before arbitrator J.J. Pierson. On August 24, 2017, a hearing was held; however, the Respondent did not appear. On September 1, 2017, the arbitrator issued the Arbitration Award, which ordered the Respondent to pay delinquent contributions in the amount of $9,211.01, interest in the amount of $2,665.15, liquidated damages in the amount of $1,842.20, attorneys' fees of $900.00, audit costs of $3,386.00, and the arbitrator's fee of $750.00.

The Respondent's failure to abide by the terms of the Arbitration Award has led to the filing of the instant action.

**B. The Procedural Background**

The Petitioners began this action on October 12, 2017. *See* Docket Entry ("DE") 1. After the Respondent failed to appear or answer, the Petitioners filed a letter on December 5, 2017, requesting that the Court review the petition as a motion to confirm the Arbitration Award and deem it as unopposed. The Court denied the letter the following day without prejudice with leave to refile the letter motion in accordance with Local Civil Rule 7.1, *i.e.* with a motion, memorandum of law, and supporting affidavits and exhibits. *See* Local Civ. R. 7.1. Thereafter, on December

15, 2017, the Petitioners filed the instant motion to confirm the Arbitration Award. *See* DE 8. To date, AB&D has not opposed the instant motion or otherwise appeared in this case.

## II. DISCUSSION

### A. Legal Standard

"Arbitration awards are not self-enforcing … they must be given force and effect by being converted to judicial orders by courts[.]" *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420, 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)). However, judicial review of an arbitrator's award pursuant to a collective bargaining agreement is quite restricted. *See Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509, 121 S. Ct. 1724, 149 L. Ed. 2d 740 (2001); *see also Local 339 United Serv. Workers Union v. Advanced Ready Mix Carp.*, No. 12–CV–4811, 2013 WL 685447, at *2 (E.D.N.Y. Feb. 24, 2013) ("[A] court's review of an arbitration award is 'severely limited' so as not to frustrate the goals of arbitration—namely to settle disputes efficiently and avoid long and expensive litigation." (citing *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997))).

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co., Inc.*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co., Inc.*, 462 F.3d at 110. "[A] barely colorable justification for the outcome reached" by the arbitrator is all that is necessary to confirm the award. *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (internal citations omitted). As long as "there is no indication

that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law," the award must not be disturbed. *Local 339 United Serv. Workers Union*, 2013 WL 685447, at *3; *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

If a respondent has failed to appear in a motion to confirm an arbitration award, the unanswered motion should be treated as an unopposed summary judgment motion. *Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*, 523 F. App'x 756, 760 (2d Cir. 2013); *D.H. Blair & Co., Inc.*, 462 F.3d at 109-10; *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). "In essence, 'the petition and the accompanying record' become 'a motion for summary judgment.'" *Trs. of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (quoting *D.H Blair & Co., Inc.*, 462 F.3d at 109).

Pursuant to Rule 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015); *Kwong v. Bloomberg*, 723 F.3d 160, 164-65 (2d Cir. 2013); *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). A dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Mere conjecture, speculation, or conclusory statements are not enough to defeat summary judgment. *Kulak v. City of N.Y.*, 88 F.3d 63, 71 (2d Cir. 1996) (internal citations omitted). The "mere existence of a scintilla of evidence" is insufficient to defeat summary judgment. *Anderson*, 477 U.S. at 252.

In considering a summary judgment motion pursuant to Rule 56, the Court must "view the evidence in the light most favorable to the non-moving party … and may grant summary judgment only when 'no reasonable trier of fact could find in favor of the nonmoving party.'" *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (internal citations omitted); *see also Doro v. Sheet Metal Workers' Int'l Ass'n*, 498 F.3d 152, 155 (2d Cir. 2007) (noting that in deciding a summary judgment motion, the court will "constru[e] the evidence in the light most favorable to the nonmoving party and draw[] all inferences and resolv[e] all ambiguities in favor of the nonmoving party"); *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (stating that in deciding a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." (internal citations omitted)).

It is not the Court's responsibility to resolve any purported issues of disputed facts, but merely to "assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986) (internal citations omitted); *accord Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 162 (2d Cir. 2006) (noting that the responsibility of the district court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial" (quoting *Anderson*, 477 U.S. at 249)). "A genuine issue of fact for trial exists when there is sufficient evidence on which a jury could reasonably find for the plaintiff." *Cioffi*, 444 F.3d at 162 (quoting *Anderson*, 477 U.S. at 252).

In an unopposed summary judgment motion, the Court is required to "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material

issue of fact remains for trial." *D.H. Blair & Co., Inc.*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden … then summary judgment must be denied even if no opposing evidentiary matter is presented." *Id*. (emphasis omitted).

**B. Application to the Facts**

The Court finds that there are no genuine issues of material fact and that the Petitioners are entitled to confirmation of the Arbitration Award.

The Petitioners have demonstrated that there is no material issue of fact in dispute. The Funds have submitted evidence that the Respondent failed to make the required payments to the Funds between January 1, 2014 and December 31, 2016, as was discovered in an audit that was conducted pursuant to the Collection Policy. It is undisputed that the arbitration proceeding was appropriate, and that the arbitrator acted within the scope of his authority. Pursuant to Article 2.2 of the Collection Policy, the Funds may seek arbitration after the delinquent contributions are not received within 30 days of notice. *See* DE 9-4 at Art. 2.2.A. The Respondent was thus properly subject to arbitration once the Petitioners decided to move forward with the arbitration proceeding detailed in the Collection Agreement.

The Arbitration Award issued by the arbitrator "drew its essence from the [Collection Policy]." *Trs. of Empire State Carpenters Annuity v. J. Careri Constr. Co.*, No. 14-CV-03325, 2016 WL 492145, at *2 (E.D.N.Y. Jan. 5, 2016) (citing *E. Associated Coal Corp. v. United Mine Workers of Am., Dist. 17*, 531 U.S. 57, 62, 121 S. Ct. 462, 148 L. Ed. 2d 354 (2000)). Further, it is undisputed that the Respondent owes the amount specified in the Arbitration Award. The Petitioners submitted a declaration by the Council Representative for the Northeast Regional

7

Council of Carpenters, *see* DE 9, the Arbitration Award, *see* DE 9-7; and documents completed by the Petitioners' auditors, *see* DE 9-5 to validate the proper amount owed by the Respondent. As AB&D failed to appear or oppose the motion, the record before the Court is devoid of evidence to suggest that the amount provided is incorrect. On the evidence presented, the Court concludes that there is more than a "barely colorable justification," for the arbitrator's Arbitration Award. *D.H. Blair & Co., Inc.*, 462 F.3d at 110.

The Petitioners also seek to recover attorneys' fees and costs for this action in the amount of $1,848.66. *See* DE 9. "[A] court may, in the exercise of its inherent equitable powers, award attorney's fees when … a party opposing confirmation of [an] arbitration award 'refuses to abide by an arbitrator's decision without justification.'" *N.Y. City Dist. Council of Carpenters Pension Fund v. E. Millennium Constr., Inc.*, No. 03 Civ. 5122, 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003) (quoting *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). Under the Collection Policy, the Petitioners are entitled to attorneys' fees related to "all time spent by Counsel in collection efforts … or in enforcing the Board of Trustees' right to payroll audits." DE 9-4 Art. 6.2. AB&D has failed to appear before the arbitrator as well as this Court to justify its breaches of the agreements at issue with the Petitioners. As such, the Court grants the Petitioners' request for an award of attorneys' fees. *See Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106, 2007 WL 1149122, at *4 (S.D.N.Y. Apr. 16, 2007) (awarding attorneys' fees to the petitioners when the respondent failed to appear at the arbitration hearing nor the proceedings before the district court).

The Petitioners' request reflects a total of 7.2 hours of work for a total of $1,357.50, and $491.16 in expenses. *See* DE 10 ¶¶ 7-8. As stated in the record, two attorneys and a legal assistant worked on the instant case. The Petitioners' counsel requests an hourly rate of $225.00 for the

two junior associate attorneys and an hourly rate of $100.00 for the legal assistant. The Court finds that such rates are reasonable. *See, e.g.*, *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Temperini Mech., Inc.*, No. 12 Civ. 05646, 2014 WL 4678025, at *3 (E.D.N.Y. Sept. 19, 2014); *Gesualdi v. Giacomelli Tile Inc.*, No. 09-CV-0711, 2010 WL 1049262, at *3 (E.D.N.Y. Mar. 18, 2010). The Petitioners' request $491.16 for costs in the instant action. This request reflects only the types of costs that are compensable under ERISA, and the Court concludes that the amount requested is reasonable. *See Trs. of Sheet Metal Workers' Int'l Ass'n Local Union No. 28 Benefit Funds v. J. & A. Contrs. Corp.*, No. 14-cv-4935 2014 WL 4733504, at *3 (S.D.N.Y. Sept. 4, 2014).

### III. CONCLUSION

For the reasons stated above, the Petitioners' motion to confirm arbitration award is granted in its entirety. The Clerk of the Court is respectfully directed to close the case.

It is **SO ORDERED**:

Dated: Central Islip, New York

April 24, 2018

　　　/s/ Arthur D. Spatt　　

ARTHUR D. SPATT

United States District Judge

9